UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

SEAN GLENN

    Plaintiff,

v.

ATLANTIC COAST PRECAST OF
SOUTH FLORIDA, LLC and
FISCHER PANDA GENERATORS, LLC,

    Defendants,
_____/

## **COMPLAINT**

The Plaintiff SEAN GLENN sues Defendants ATLANTIC COAST PRECAST OF SOUTH FLORIDA, LLC and FISCHER PANDA GENERATORS, LLC, and alleges:

### INTRODUCTION

1. This is an action by Plaintiff SEAN GLENN, under the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq*. ("Title VII"); 42 U.S.C. § 1981, and the Florida Civil Rights Act of 1992 (FCRA), Florida Statute Section 760, to redress injury done to him by the Defendants' discriminatory and retaliatory treatment. This is also an action under Florida common law to recover unpaid wages and for attorney's fees thereon pursuant to Florida Statutes, § 448.08.

### JURISDICTION AND VENUE

2. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331

1

and §1343. Plaintiff invokes this Court's supplemental and pendant jurisdiction over Plaintiff's state law claims because they arise out of the same nucleus of operative facts as the federal Case, and pursuant to 28 U.S.C. §§1332 and 1367.

3. The venue of this action is properly placed in the Southern District of Florida, Ft. Lauderdale Division, pursuant to 28 U.S.C. §1391(b), since the employment practices hereafter alleged to be unlawful were committed in Broward County, Florida.

## PARTIES

4. Plaintiff SEAN GLENN ("Glenn" or "Plaintiff") is a resident of Broward County, Florida, who was employed by Defendants ATLANTIC COAST PRECAST OF SOUTH FLORIDA, LLC and FISCHER PANDA GENERATORS, LLC. At the time of his employment with Defendants resided in Broward County and as a black man is a member of certain classes of protected persons.

5. Defendant ATLANTIC COAST PRECAST OF SOUTH FLORIDA, LLC ("Atlantic"), is a Florida limited liability corporation that produces custom precast concrete products manufactured from specially designed molds made from samples, drawings or customer specifications and is authorized to conduct business in the State of Florida, in Broward County, Florida, and within the jurisdiction of this Court. Atlantic is, and at all times relevant was, a business whose activity affected interstate commerce.

6. Defendant FISCHER PANDA GENERATORS, LLC ("Fischer") is a Florida limited liability corporation that manufactures generators for use in military, marine and vehicle applications and is authorized to conduct business in the State of Florida, in Broward County, Florida, and within the jurisdiction of this Court. Fischer is, and at all times relevant was, a business whose activity affected interstate commerce.

7. Atlantic and Fischer (collectively the "Defendants") are joint employers, as the Defendants shared common management and had joint control over the terms and conditions of Plaintiff's employment.

8. Plaintiff was initially employed by Atlantic, but worked for and was paid by Fischer.

## PROCEDURAL REQUIREMENTS

9. All conditions precedent to this action have been fulfilled. Plaintiff dual-filed a Charge of Discrimination with the EEOC, and with the Florida Commission on Human Relations within 300 days of the alleged violation. To date, over six (6) months have passed since the filing of the complaints. On or about July 7, 2022, the U.S. Equal Employment Opportunity Commission issued to Plaintiff a Dismissal and Notice of Rights with respect to such charge of discrimination, which was received by the Plaintiff on, or about July 7, 2022. ***See* Exhibit "A."**

## STATEMENT OF FACTS

10. Plaintiff is a Black man who was employed by Defendants as a sales manager for the fence department from June 1, 2021, until his wrongful termination on September 8, 2021.

11. During his employment, Plaintiff's duties included being responsible for the Defendants' fence division-sales, delivery, installation, and collections.

12. Since early in his tenure with Defendants Plaintiff was subjected to multiple derogatory comments and actions based on his race.

13. Specifically, Defendants' production manager Bob Teresi, would comment

that he would have to whip any of the "boys" whose timecards were incorrect.[1]

14. Mr. Teresi required the black laborers to call him bossman, which connotes a historic term of racial discrimination and slavery.

15. Mr. Teresi threated Plaintiff's life by saying that he would "kill anyone who fucked with him, black, brown, red, or yellow."

16. When Plaintiff asked why he didn't include white, Mr. Teresi responded "perhaps you didn't hear me boy."

17. Mr. Teresi was not the only person who engaged in racist and discriminatory behavior.

18. Plaintiff was introduced by one of his co-workers as the "black guy who was entitled."

19. Plaintiff was called numerous racially charged names such as "Django", "Up-North fancy college boy", and "White Guy" because he was an educated, articulate black man.

20. Defendants had separate bathrooms for Defendants' white employees and the black and Hispanic laborers.

21. In fact, a co-worker commented that Plaintiff was the first black person to ever use the office bathroom in Defendants' history.

22. Defendants utilized a different pay-scale for their minority contractors, with the black contractors receiving the lowest rates.

23. Additionally, Plaintiff was falsely accused of attacking a fellow employee based solely on his race.

24. Plaintiff Complained about the treatment he had received, and the overall

---

[1] The boys that were referenced were the laborer, who were all black and Hispanic

racial disparity he observed.

25. On, or about September 8, 2021, Plaintiff sent an email to Defendants' CEO J. Ashley Rushton complaining of the discriminatory treatment he had witnessed and been subjected to.

26. Later that same day, Mr. Rushton responded to Plaintiff's email and notified him that he was being terminated effective that day.

27. In the email Mr. Rushton specifically referenced Plaintiff's accusations.

28. Further, pursuant to the terms of Plaintiff's employment, he was supposed to receive a commission "based on fence sales."

29. However, neither the method of calculating commission nor the amount of sales that were attributed to him were ever communicated to Plaintiff.

30. Although Plaintiff did make sales during his employment, has not received any commissions to date.

## COUNT I:
## VIOLATION OF TITLE VII OF CIVIL RIGHT ACT OF 1964: DISCRIMINATION BASED ON RACE

31. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-30 above as if set out in full herein.

32. Plaintiff is a member of a protected class of black citizens.

33. At all times material hereto, the Defendants failed to comply with the Civil Rights Act of 1964 [42 U.S.C. 2000 e-2 (a)], which states, "It shall be an unlawful employment practice for an employer to: (1) fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his

compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or (2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin."

34. During Plaintiff's employment with the Defendants, Plaintiff was subjected to a discriminatory, hostile, and offensive work environment, which was substantially motivated by his race, as more fully described in paragraphs 10-30 of this Complaint.

35. The offensive and discriminatory conduct referred to in paragraphs 10-30 of this Complaint was offensive to Plaintiff and would be offensive to a reasonable person.

36. Plaintiff was terminated on, or about, September 8, 2021.

37. Defendants' decision to discriminate against, and ultimately terminate Plaintiff was because of Plaintiff's race. Alternatively, Plaintiff's race was a motivating factor in Defendants' decision to discriminate against Plaintiff.

38. The Plaintiff was qualified for the position.

39. Any alleged nondiscriminatory reason for terminating Plaintiff's employment asserted by Defendants is a mere pretext for the actual reasons for the discriminatory treatment.

40. The Defendants' actions were malicious and were recklessly indifferent to the Plaintiff's rights protecting a person from discrimination due to his race. The discrimination based on race constitutes unlawful discrimination.

41. As a direct and proximate result of the Defendants' intentional conduct, Plaintiff suffered serious economic losses as well as mental pain and suffering.

42. The Defendants are sophisticated employers who have actual knowledge of

the requirements of Title VII of the Civil Rights Act of 1964, as amended.

43. The failure of Defendants to adhere to the mandates of the Act was willful and their violations of the provisions of the Act were willful.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff SEAN GLENN respectfully requests that this court order the following:

a) Enter judgment in Plaintiff's favor and against Defendants for their violations of Title VII;

b) Award Plaintiff actual damages suffered, including lost wages, loss of fringe benefits and damages;

c) Award Plaintiff compensatory damages under Title VII for embarrassment, anxiety, humiliation, and emotional distress Plaintiff has suffered and continues to suffer;

d) Award Plaintiff prejudgment interest on his damages award;

e) Award Plaintiff punitive damages according to proof;

f) Award Plaintiff reasonable costs and attorney's fees; and

g) Grant Plaintiff such other and further relief as this Court deems equitable and just.

**<u>COUNT II:</u>**
**<u>VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT OF 1992 CHAPTER 760:</u>**
**<u>DISCRIMINATION BASED ON RACE</u>**

44. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-30 and above as if set out in full herein.

45. At all times material hereto, the Defendants failed to comply with the Florida Civil Rights Act of 1992 [Florida Statutes Section 760.10] which states,

"*It is an unlawful employment practice for an employer: To discharge or to fail or*

*refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race*, color, *religion, sex, national origin, age, handicap, or marital status"*

46. Plaintiff is a member of a protected class of black citizens

47. Defendants' decision to discriminate against Plaintiff was because of his race. Alternatively, Plaintiff's race was a motivating factor that caused Defendants to discriminate against Plaintiff.

48. At all relevant times, including the time of discrimination, Defendants was aware that Plaintiff was black.

49. At the time of the unlawful discrimination, the Plaintiff did satisfactorily perform the essential functions assigned to him by the Defendants.

50. The Plaintiff was qualified for the position apart from his apparent race.

51. During Plaintiff's employment with the Defendants, Plaintiff was subjected to a discriminatory, hostile, and offensive work environment, which was substantially motivated by his race, as more fully described in paragraphs 10-30 of this Complaint.

52. The Defendants are sophisticated employers who have actual knowledge of the requirements of the Florida Civil Rights Act, Chapter 760.

53. The failure of Defendants to adhere to the mandates of the Act was willful and their violations of the provisions of the Act were willful.

54. Defendants through their practices and policies as employers, willfully, and with malicious or reckless disregard of Plaintiff's State protected rights, discriminated against Plaintiff because of his race in violation of the Act with respect to their decision to treat Plaintiff different from other employees.

55. Plaintiff was wrongfully terminated by the Defendants and Plaintiff's treatment was directly and proximately caused by the Defendants' unjustified discrimination against Plaintiff because of Plaintiff's race.

56. As a direct and proximate result of the Defendants' intentional conduct, Plaintiff suffered serious economic losses as well as mental anguish, humiliation, and pain and suffering.

57. Any alleged nondiscriminatory reason for the Plaintiff's treatment asserted by Defendants is a mere pretext for the actual reason, Plaintiff's race.

58. The Defendants' actions were malicious and were recklessly indifferent to the Plaintiff's rights protecting a person from discrimination due to their race. Discrimination based on race constitutes unlawful discrimination in violation of the Florida Civil Rights Act, Chapter 760.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff SEAN GLENN respectfully requests that this court order the following:

a) Enter judgment in Plaintiff's favor and against Defendants for their violations of the FCRA;

b) Award Plaintiff actual damages suffered, including lost wages, loss of fringe benefits and damages;

c) Award Plaintiff compensatory damages under the FCRA for embarrassment, anxiety, humiliation, and emotional distress Plaintiff has suffered and continues to suffer;

d) Award Plaintiff prejudgment interest on his damages award;

e) Award Plaintiff punitive damages according to proof;

f) Award Plaintiff reasonable costs and attorney's fees; and

g) Grant Plaintiff such other and further relief as this Court deems equitable and just.

## COUNT III:
## VIOLATION OF TITLE VII OF CIVIL RIGHTS ACT OF 1964: RETALIATION

65. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-30 and above as if set out in full herein.

66. At all times material hereto, the Defendants failed to comply with the Civil Rights Act of 1964 [42 U.S.C. 2000 e-2 (a)], Section 704(a), which makes it unlawful for an employer to retaliate against an individual "because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing *under this subchapter*." 42 U.S.C. § 2000e-3(a) (emphasis added).

67. Defendants are sophisticated employers who have actual knowledge of the requirements of Title VII of the Civil Rights Act of 1964, as amended, and specifically of Section 704(a) of the Act, which specifically makes it unlawful to retaliate against employees who oppose or participate in statutorily protected activity.

68. The failure of Defendants to adhere to the mandates of the Act was willful and their violations of the provisions of the Act were willful.

69. Defendants through their practices and policies as employers, willfully, and with malicious or reckless disregard of Plaintiff's federally protected rights, retaliated against Plaintiff because of Plaintiff's complaints.

70. While employed by Defendants, Plaintiff complained to Defendants' CEO of the racial discriminatory treatment that he suffered and that he observed.

10

71. Plaintiff was terminated on the same day he sent an email complaining of the discrimination.

72. As a direct and proximate result of the Defendants' intentional conduct, Plaintiff suffered serious economic losses as well as mental pain and suffering.

73. Any alleged nonretaliatory reason for terminating Plaintiff asserted by the Defendants is a mere pretext for the actual reasons for termination, Plaintiff's participation in protected activity.

74. The Defendants' actions were malicious and were recklessly indifferent to the Plaintiff's rights to engage in protected activity.

75. Retaliation on the basis of having engaged in protected activity constitutes unlawful retaliation.

76. As a result of the retaliation, Plaintiff has incurred substantial monetary losses and has suffered emotional distress, embarrassment, and humiliation.

77. Defendants' acts, through their agents, were done with malice and reckless disregard for Plaintiff's federally protected civil rights.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff SEAN GLENN respectfully requests that this court order the following:

a) Enter judgment in Plaintiff's favor and against Defendants for their violations of Title VII;

b) Award Plaintiff actual damages suffered, including lost wages, loss of fringe benefits and damages;

c) Award Plaintiff compensatory damages under Title VII for embarrassment, anxiety, humiliation, and emotional distress Plaintiff has suffered and continues to suffer;

d) Award Plaintiff prejudgment interest on his damages award;

e) Award Plaintiff punitive damages according to proof;

f) Award Plaintiff reasonable costs and attorney's fees; and

g) Grant Plaintiff such other and further relief as this Court deems equitable and just.

## COUNT IV:
## VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT OF 1922 CHAPTER 760; RETALIATION

76. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-30 and above as if set out in full herein.

77. While employed by Defendants, Plaintiff complained to Defendants' CEO of the racial discriminatory treatment that he suffered and that he observed

78. Plaintiff was terminated on the same day he sent an email complaining of the discrimination.

79. The Defendants' above listed actions against Plaintiff were motivated by an intent to retaliate against Plaintiff for his protected activity under the FCRA.

80. As a direct and proximate result of the retaliation against Plaintiff, she has suffered, and continues to suffer, loss of income, loss of enjoyment of life, emotional distress, pain and suffering, embarrassment, humiliation and physical injuries and distress.

WHEREFORE, Plaintiff SEAN GLENN respectfully requests that this court order the following:

a) Enter judgment in Plaintiff's favor and against Defendants for their violations of the FCRA;

    b) Award Plaintiff actual damages suffered, including lost wages, loss of fringe benefits and damages;

    c) Award Plaintiff compensatory damages under the FCRA for embarrassment, anxiety, humiliation, and emotional distress Plaintiff has suffered and continues to suffer;

    d) Award Plaintiff prejudgment interest on his damages award;

    e) Award Plaintiff punitive damages according to proof;

    f) Award Plaintiff reasonable costs and attorney's fees; and

    g) Grant Plaintiff such other and further relief as this Court deems equitable and just.

### COUNT V: VIOLATION OF 42 U.S.C. § 1981

81. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-30 of this Complaint as if set out in full herein.

82. Plaintiff is a member of a protected class of black citizens.

83. At all times relevant, Plaintiff was in a contractual relationship with the Defendants within the meaning of 42 U.S.C.A. § 1981, as amended.

84. During the course of Plaintiff's employment with the Defendants, the Defendants have violated Plaintiff's rights by depriving him of his right to the enjoyment of all benefits, privileges, terms and conditions of his employment contract as is enjoyed by non-black citizens, in violation of 42 U.S.C.A. § 1981(b), as amended.

85. During Plaintiff's employment with the Defendants, Plaintiff has not enjoyed the same benefits, privileges, terms, and conditions of employment, as have non-black employees of the Defendants.

86. The Defendants' treatment, practices and policies directed toward Plaintiff, as more fully described in paragraphs 10-30 of this Complaint, denied Plaintiff the full and equal

benefits of all laws and proceedings for the security of persons and property as is enjoyed by non-black citizens, in violation of 42 U.S.C.A. § 1981, as amended.

87. The Defendants' treatment, practices and policies directed toward Plaintiff, as more fully described in paragraphs 10-30, denied Plaintiff the right to make and enforce contracts as enjoyed by non-black citizens, in violation of 42 U.S.C.A. § 1981, as amended.

88. Through their actions and treatment of Plaintiff, the Defendants intended to discriminate against Plaintiff based on Plaintiff's race.

89. During Plaintiff's employment with the Defendants, Plaintiff has been subjected to a discriminatory, hostile, and offensive work environment because of his race, as more fully described in paragraphs 10-30 of this Complaint.

90. The Defendants, at all times, had knowledge of the discriminatory acts and conduct in this Complaint.

91. As a direct and proximate result of the foregoing, Plaintiff has suffered embarrassment, humiliation, emotional distress, and other forms of damage.

92. Plaintiff has suffered damages of an on-going and continuous nature.

WHEREFORE, Plaintiff SEAN GLENN respectfully requests that this court order the following:

    a) Enter judgment in Plaintiff's favor and against the Defendants for their violations of 42 U.S.C.A. § 1981, as amended;

    b) Award Plaintiff actual damages suffered;

    c) Award Plaintiff compensatory damages under 42 U.S.C.A. § 1981 for the embarrassment, anxiety, humiliation, and emotional distress Plaintiff has suffered;

    d) Award Plaintiff prejudgment interest on his damages award;

e) Enjoin the Defendants, their officers, agents, employees, and anyone acting in concert with them, from discriminating, harassing and retaliating against Plaintiff and any employee;

f) Award Plaintiff reasonable costs and attorney's fees; and

g) Grant Plaintiff such other and further relief as this court deems equitable and just.

## COUNT VI: UNPAID WAGES UNDER FLORIDA COMMON LAW AND SECTION 448.08, FLORIDA STATUTES

93. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-30 of this Complaint as if set out in full herein.

94. Plaintiff was employed by Defendants from approximately June 1, 2021, until his termination on, or about, September 8, 2021.

95. Plaintiff was employed by Defendants as a sales manager, and fully performed his duties as directed. All work performed by Plaintiff was within the State of Florida.

93. Per the terms of Plaintiff's employment, he was supposed to receive "[a] commission . . . paid based on fence sales." *See* Plaintiff's offer letter attached hereto as Exhibit B.

94. Despite making fence sales during his employment Defendants have not paid Plaintiff any earned commission.

95. Defendant owes Plaintiff wages earned under Florida common law and attorneys' fees and costs incurred pursuing this action under Florida Statutes, Section 448.08, should Plaintiff prevail on this claim.

WHEREFORE, Plaintiff SEAN GLENN respectfully requests that this court order the following:

a) Award Back pay in the form of lost wages, including lost benefits, plus interest;

b) Award Costs of this action, together with reasonable attorneys' fees;

c) Award Post-judgment interest; and

d) Grant such other and further relief as this Court deems equitable and just.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury of all issues so triable.

Dated: October 5, 2022.

**s/ Brandon J. Gibson**
Brandon J. Gibson
Florida Bar No: 0099411
E-mail: bgibson@rtrlaw.com
REIFKIND, THOMPSON, & RUDZINSKI, LLP
3333 W. Commercial Blvd, Ste. 200
Ft. Lauderdale, Florida 33309
Telephone: (954) 370-5152
Facsimile: (954) 370-1992
*Counsel for Plaintiff(s)*